## Juliane S. Bruns, Appellant, *v.* Union Traction Company.

*Negligence—Death—Release of damages—Evidence.*

In an action to recover damages for death of plaintiff's husband, the action of the trial court in directing a verdict for the defendant will not be reversed where the evidence shows that the husband's head and eye were slightly injured while riding in defendant's car; that he walked home after the accident, merely complaining of being tired; that he felt worse the next day, had fever with pain in the head the third day and also on the fourth, with restlessness, swollen throat and wandering of the mind, and died on the sixth day; and where it appears that the deceased and his wife executed a release of damages, and there was nothing to show mental incapacity at the time of the release, except an offer to prove his condition on the day before he signed the release, which offer was excluded by the court.

Argued April 6, 1898. Appeal, No. 66, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1896, No. 369, on verdict for defendant. Before STERRETT, C. J., GREEN, McCollum, MITCHELL and FELL, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's husband. Before FINLETTER, P. J.

At the trial it appeared that plaintiff's husband, Richard J. Bruns, died on August 15, 1896, at a hospital. The evidence showed that on August 9, 1896, plaintiff's head was slightly bruised and his eye blacked while riding as a passenger on one of defendant's cars. He walked home, complained of feeling tired, felt worse the next day; the day after he was feverish, with pain in his head; to these were added, the next day, restlessness, swelling in the throat and wandering of the mind, and he died on the sixth day.

At the time of the accident he was suffering from blood poisoning, complicated with Bright's disease.

On August 14, 1896, the day before he died, the deceased and his wife executed a release of damages for the consideration of $40.00. The evidence tended to show that the deceased signed the release after bargaining with the defendant's agent, and that he was mentally competent at the time.

Under objection and exception the court overruled plaintiff's

offer to prove by the attending physician that on the day before the release was signed, the deceased was not mentally competent to transact any business. [2]

The court charged as follows :

[It is not worth while arguing this case, for I direct the jury to find a verdict for the defendant, for two reasons. First of all, the evidence does not show that this man's death was necessarily the result of the accident. I do not recollect that any evidence has been given to show that fact; in other words, to connect the accident and the death. But independently of that, the defendant has produced a release regularly signed by the deceased before his death, and the evidence is not sufficient for me to permit the question of his mental capacity to go to the jury, and I therefore direct the jury to render a verdict for the defendant.] [1]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) charge of the court, quoting it ; (2) rulings on evidence, quoting the bill of exceptions.

*Preston K. Erdman,* with him *J. McGregor Gibb,* for appellant, cited Gibson v. R. R., 164 Pa. 142 ; Detwiler v. Graham, 41 Leg. Int. 253 ; 1 Redfield on Wills, *92.

*Dallas Sanders* and *Thomas Leaming,* for appellee, were not heard, but cited in their printed brief : Pittsburg, etc., Ry. v. Taylor, 104 Pa. 206 ; Frazier Bros. v. Lloyd, 23 W. N. C. 178 ; P. R. R. Co. v. Shay, 82 Pa. 198 ; Currier v. Bilger, 149 Pa. 109 ; Wojciechowski v. Spreckels' Sugar Refining Co., 177 Pa. 57 ; Hill v. P. R. R., 178 Pa. 223 ; Seeley v. Traction Co., 179 Pa. 334.

PER CURIAM, April 18, 1898 :

We are not convinced that the evidence in this case was sufficient to justify the court in submitting it to the jury, and hence we cannot say there was any error in withdrawing it from their consideration by directing a verdict for the defendant. Finding no error in the rulings of the learned trial judge the judgment should not be disturbed.

Judgment affirmed.